## Spring City Foundry Company v. Carey

*Daniel J. C. O'Donnell, Irving Mazer,* for plaintiff.
*Fred W. Deininger,* for defendants.

GAWTHROP, P. J., December 22, 1965.—On May 25, 1965, after hearing held on complaint, answer and rule to show cause, a preliminary injunction was entered in the above matter. Thereafter, on October 19, 1965, defendants petitioned for, and were granted, a rule to show cause why they should not be permitted to file an amended answer containing in addition new matter and a counterclaim. The rule was made returnable October 25, 1965. No answer thereto having been filed until after the return day of the rule, defendants' counsel on October 27, 1965, listed the matter for argument at the argument term commencing on November 8, 1965, on their unanswered petition. On November 8, 1965, at 9:11 a. m., defendants filed proof of service made on October 18, 1965, of the petition and rule. On the same date, at 9:50 a. m., plaintiff filed an answer to the petition, and presumably served on counsel a copy thereof at or before the call of the argument list at 10 a. m. the same day. On the call of the list, defendants' counsel asked the court to be allowed to submit the matter on briefs, presented his brief and the request was granted.

Plaintiff's brief has since been filed. It asserts that under the provisions of Rule 209 of the Pennsylvania Rules of Civil Procedure, the prayer of the petition should be denied and the rule discharged, on the ground that when defendants listed the matter for argument on petition and answer without depositions in support of the petition, the well-pleaded factual averments of the answer must be taken as admitted;

therefore, defendants have not carried their burden of proof entitling them to the relief sought. That argument, however, overlooks one important fact which, in our view, compels a different conclusion.

The return day of the rule, October 25, 1965, fixed the limit of time within which an answer should have been filed. In practice, that rule has been more honored in the breach than in the observance, but customarily the court and the bar have recognized the validity of an answer filed and served before the time fixed for argument or hearing on a rule to show cause, as occurred here. Then defendants' counsel at call of the list requested that the matter be submitted on briefs without oral argument. His brief filed contemporaneously with that request shows that it was prepared with reference to the fact that no answer had been filed or served, so that it cannot fairly be argued that by so submitting the matter, he elected in effect to order the case for argument on petition and answer.

Close analysis of the provisions of Rule 209 of the Pennsylvania Rules of Civil Procedure shows, however, that it does not contemplate the result plaintiff argues must follow. It provides:

"If, after the filing and service of the answer, the moving party does not within fifteen days:

"(a) Proceed by rule or by agreement of counsel to take depositions on disputed issues of fact; or:

"(b) Order the cause for argument on petition and answer" (in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule) ; "the respondent may take a rule as of course on the moving party to show cause why he should not proceed as above. If after hearing the rule shall be made absolute by the court, and the petitioner shall not proceed, as above provided, within fifteen days thereafter, the respondent may order the cause for argu-

ment on petition and answer, in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule".

Section (b) of the rule clearly contemplates only that *ordering such matter for argument after*, and not before, the filing and service of the answer shall, in the absence of depositions, result in having the averments of the answer taken as admitted. Here, the matter was ordered for argument October 27, 1965 on the petition alone; the answer was not filed until 13 days later. Such listing brings into play the remaining provisions of the rule, which enable plaintiff to rule defendants to show cause why they should not proceed in accordance therewith either to take depositions or list the case for argument on petition and answer. Under such circumstances, defendants' rule to amend is not properly before us, and may not be acted upon in the present state of the record.